IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00022-ZLW

MANUEL SESARIO DePINEDA,

    Plaintiff,

v.

DAVID MICHAUD, Chair,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Manuel Sesario DePineda has filed *pro se* on January 12, 2010, a "Motion for Leave of the Court to Proceed Pro Se, F.R.Civ.P. 60(b)(4), Motion for Appointment of Counsel Pursuant to 18 USC 3599, Capital Plaintiff." Mr. DePineda asks the Court to reconsider the Court's order dismissing this action and grant him leave to proceed *pro se* in this action or, in the alternative, appoint counsel to represent him. The Court must construe the motion liberally because Mr. DePineda is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will consider Mr. DePineda's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on January 7, 2010. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. DePineda failed to comply with a sanction order that restricts his ability to file *pro se* actions in the District of Colorado. **See DePineda v. State of Colorado**, No. 98-cv-02067-ZLW (D. Colo. Feb. 25, 1999). In 98-cv-02067-ZLW, Mr. DePineda was "prohibited from initiating a lawsuit in this Court unless he is represented by a licensed attorney admitted to practice in this Court or unless he obtains permission to proceed *pro se* by following the procedures listed in Appendix A." *Id.* at 1-2. The procedures listed in Appendix A to the sanction order entered in 98-cv-02067-ZLW require Mr. DePineda to submit to the Court a petition titled "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action," an affidavit, and a copy of the complaint or other papers sought to be filed *pro se*. The Court determined that Mr. DePineda did not comply with the sanction order because he is not represented by an attorney, he did obtain leave of court to

proceed *pro se*, and he failed even to file a proper petition seeking leave of court to proceed *pro se* as required by the procedures set forth in Appendix A to the Court's sanction order in 98-cv-02067-ZLW.

Although Mr. DePineda asks in the motion to reconsider to be allowed to proceed *pro se*, he still fails to comply with the procedures set forth in Appendix A to the Court's sanction order in 98-cv-02067-ZLW. Alternatively, Mr. DePineda argues that the Court must appoint counsel to represent him in this action pursuant to 18 U.S.C. § 3599 because his state court criminal case was a capital case.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. DePineda fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. DePineda fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Mr. DePineda does not argue that he complied with the sanction order when he tendered his *pro se* complaint to the Court for filing and, as noted above, the motion to reconsider filed on January 12 also does not comply with the sanction order. Furthermore, 18 U.S.C. § 3599, which requires appointment of counsel for indigent defendants in capital cases in federal court and for indigent defendants in federal postconviction proceedings challenging death sentences, is not applicable to the civil rights complaint for damages tendered by Mr. DePineda. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that Mr. DePineda's "Motion for Leave of the Court to Proceed Pro Se, F.R.Civ.P. 60(b)(4), Motion for Appointment of Counsel Pursuant to 18 USC 3599, Capital Plaintiff" filed on January 12, 2010, is denied.

DATED at Denver, Colorado, this 19th day of January, 2010.

BY THE COURT:

_____
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00022-ZLW

Manuel Sesario DePineda
Prisoner No. 59436
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/19/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk